NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4694
_____

BLYTHE TOWNSHIP; FKV, LLC,
Appellants

v.

JAMES LARISH; MICHAEL PETROZINO; TOM BRENNAN; JOHN BURKE;
VALERIA DAVIS; WILLIAM DEMPSEY; JOHN HOUSEKNECHT

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 3-13-cv-00237)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 23, 2014
_____

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.

(Opinion Filed: July 16, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellants claim that their due process rights were violated by the process used to review their land use application, and argue that the District Court erred in dismissing their claims *sua sponte* as unripe. For the following reasons, we will affirm the District Court's order of dismissal.

## I. Facts and Procedural History

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion.

Blythe Township is the owner of a parcel of land in central Pennsylvania. FKV, LLC is a development company. Blythe Township and FKV (together, "Appellants") intended to open a construction debris land fill. FKV entered into a development agreement with Blythe Township which provided that FKV would develop, construct, and operate the land fill on behalf of Blythe Township. St. Clair, a neighboring Borough, and members of the St. Clair Borough Council ("Appellees") oppose the development of a land fill on this specific parcel of land.

Appellants contend that representatives of the Commonwealth of Pennsylvania, Department of Environmental Protection ("DEP") initially approved Appellants' environmental assessment permit. DEP, however, did not inform Appellants of its approval. In the meantime, Appellees allegedly had "secret meetings" with DEP to reverse its initial approval of Appellants' environmental assessment permit. DEP reversed its approval, forcing Appellants to appeal to the Commonwealth of Pennsylvania Environmental Hearing Board.

Ultimately, the DEP granted a permit to Appellants to begin construction of the land fill. Appellees immediately appealed this decision to the Environmental Hearing Board. The appeal is pending.

Meanwhile, Appellants filed a thirty-two count complaint, pursuant to 42 U.S.C. § 1983, alleging that Appellees deprived Appellants of due process in violation of the Fourteenth Amendment. State law tortious interference with contract and prospective contract claims are also asserted. The Appellees joined DEP in a third-party complaint alleging that DEP conspired with Appellees to violate Appellants' due process rights.

The District Court dismissed Appellants' federal claims on ripeness grounds *sua sponte*. This appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal on the grounds of ripeness is plenary. *Taylor Inv. v. Upper Darby Twp.*, 983 F.2d 1285, 1289 (3d Cir. 1993). In reviewing the grant of a motion to dismiss, we accept all allegations of the complaint as true, attribute all reasonable inferences in favor of the plaintiff, and affirm only if it appears that the plaintiff could prove no set of facts that would entitle it to relief. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004) (citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)).

## III. Analysis

On appeal, Appellants urge that the matter is ripe for review because Appellees

have caused harms to Appellants through lost profits and costs associated with the delay of construction of the land fill. The District Court reasoned that because the Environmental Hearing Board was still deciding the issue of the permit, this case was not ripe. Specifically, the District Court reasoned that if the Environmental Hearing Board denied Appellees' appeal and approved Appellants' permit, Appellants' due process claims would be rendered moot.

"The ripeness doctrine serves 'to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum v. City of York*, 333 F.3d 429, 422 (3d Cir. 2003)). Part of our analysis requires us to assess whether there is a final ruling that is judicially reviewable. "The ripeness doctrine prevents judicial interference 'until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 575 (3d Cir. 2003) (quoting *Abbott Labs., Inc. v. Gardner*, 387 U.S. 136, 149 (1967)). Thus, the finality rule allows a suit whenever a "decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury[.]" *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193 (1985).

Appellants argue that Appellees, as a governmental actor, have come to the "definitive" position of "stopping, delaying and preventing the construction of [the land fill]." (Appellants' Br. 14). This argument, however, is based on the mistaken belief that

4

the definitive action that matters in this case is that of Appellees. As the District Court noted, it is the definitive action of the Environmental Hearing Board that is still pending. This fact renders Appellants' case unripe.

Permitting the Environmental Hearing Board to reach a final determination on the permit issue may resolve the constitutional issues that Appellants allege. For example, it is not apparent that Blythe Township has suffered a constitutional injury through the delay of receiving their permit. We have stressed "the importance of the finality requirement and our reluctance to allow the courts to become super land-use boards of appeals. Land-use decisions concern a variety of interests and person, and local authorities are in a better position than the courts to assess the burdens and benefits of those varying interests." *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 598 (3d Cir. 1998).

Finally, it is not clear from the record that the actions of Appellees will fall outside the statute of limitations if Appellants are forced to wait until the Environmental Hearing Board reaches a decision. The motion was dismissed without prejudice. Appellees will have another opportunity to bring any due process claims against Appellants once the agency's appellate process is final.

## IV. Conclusion

Because Appellants' claims are not yet ripe for review, we will affirm the November 25, 2013 order of the District Court dismissing Appellants' complaint.